UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 4/4/14

————————————————————x

EDWARD PETERSON,                    :
                                    :
                    Plaintiff,      :
                                    :
        - against -                 :          **OPINION AND ORDER**
                                    :
HOME DEPOT U.S.A., INC.,            :            11 Civ. 5747 (ER)
                                    :
                    Defendant.      :
————————————————————x

Ramos, D.J.:

Plaintiff Edward Peterson moves pursuant to Local Rule 6.3 for reconsideration of this

Court's Order (Doc. 18) denying Plaintiff's application for a further extension of the discovery

period (the "October 3 Order," or the "Order").[1]  Doc. 19.  The motion is DENIED.

I.      **Legal Standard**

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration or

reargument of a court's order on a motion only where "the court has overlooked 'controlling

decisions or factual matters that were put before it on the underlying motion . . . and which, had

they been considered, might have reasonably altered the result before the court.'"  *Mikol v.*

*Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (alteration in original) (quoting *Greenwald*

*v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1

(S.D.N.Y. Feb. 27, 2003)); *see also* Local R. 6.3.  "Reconsideration of a court's previous order is

an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of

scarce judicial resources.'"  *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)

(quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on

---

[1] The procedural history of this case is discussed in the October 3 Order, familiarity with which is presumed.

issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation mark omitted).  "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.*

A motion for reconsideration under Local Rule 6.3 is not a substitute for appeal, *Boart Longyear Ltd. v. Alliance Indus., Inc.*, 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512-13 (S.D.N.Y. 2009).  "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue 'those issues already considered when a party does not like the way the original motion was resolved.'"  *Boart Longyear*, 869 F. Supp. 2d at 418 (quoting *Makas v. Orlando*, No. 06 Civ. 14305 (DAB), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008)); *see, e.g.*, *Anwar v. Fairfield Greenwich Ltd.*, 884 F. Supp. 2d 92, 96 (S.D.N.Y. 2012) ("The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." (quoting *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (internal quotation marks omitted)); *see also Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (noting that a motion for reconsideration is not "an occasion for repeating old arguments previously rejected").

Whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'"  *Premium Sports Inc.*, No. 10 Civ. 3752 (KBP), 2012 WL 2878085, at *1 (S.D.N.Y. June 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).  Under the

strict standard applied by courts in this Circuit, "reconsideration will generally be denied." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d at 614.

## II.    Plaintiff's Motion

In moving for reconsideration, Plaintiff first argues that the October 3 Order will result in "manifest injustice," as Plaintiff's inability to conduct metallurgical testing will preclude him from introducing the scientific evidence needed to prove his case. *See* Pl.'s Mem. in Supp. at 6. Plaintiff raised this argument in his initial motion. *See* Doc. 16 ("Letter Brief"), at 5 ("The metallurgical testing sought by Plaintiff with either prove (or disprove) [Plaintiff's expert's] preliminary opinions and, without such testing, Plaintiff will be unable to meet his burden of proof."). The Court did not overlook this argument in denying Plaintiff's request to extend discovery, but rather expressly considered it as a factor demonstrating Plaintiff's *lack* of diligence in complying with the existing discovery schedule. *See* Order at 5 ("[N]otwithstanding Plaintiff's claim that he will be unable to satisfy his burden of proof in the absence of this crucial information, Plaintiff failed to conduct metallurgical testing during the five months that followed [between the issuance of Plaintiff's expert report and the discovery deadline]."). This argument having been raised and rejected on the initial motion, it cannot be raised a second time as a basis for reconsideration.

Plaintiff also argues that the Court overlooked "controlling law on excusable neglect that . . ., more likely than not, would have altered" the Court's decision. Pl.'s Reply at 2; *see* Pl.'s Mem. in Supp. at 7-10. This argument fails for multiple reasons. First, despite Plaintiff's assertions to the contrary, *see* Pl.'s Reply at 1-2, Plaintiff's "excusable neglect" argument represents a new legal theory improperly raised for the first time on motion for reconsideration. *See Albury v. J.P. Morgan Chase*, No. 03 CIV. 2007 (HBP), 2005 WL 1653939 (S.D.N.Y. July

3

14, 2005), at *3 ("Except where a movant is relying on new facts that could not have been previously discovered or newly promulgated law, additional facts or new legal theories cannot be asserted by way of a motion for reconsideration."); *see also* Letter Motion (arguing in terms of Rule 26 as opposed to Rule 6, which now forms the basis of Plaintiff's objection).  Plaintiff's original application failed to argue excusable neglect, and it was not incumbent on the Court to raise that argument *sua sponte* in order to make Plaintiff's case for him.  Excusable neglect is therefore improperly raised, and Plaintiff's motion fails for that reason alone.

Even if Plaintiff had raised excusable neglect in its prior application, the instant motion would still fail because the law to which Plaintiff now directs the Court is not "controlling." Since Plaintiff sought a modification of the parties' discovery plan, Rule 16(b)(4), and not Rule 6(b)(1), governs the application.  *See* Fed. R. Civ. P. 16(b)(4) (providing that a Rule 16 scheduling order "may be modified only for good cause and with the judge's consent"); *see also Corkrey v. Internal Revenue Serv.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000) ("Because the rule which authorized the scheduling order contains a specific provision governing the relief sought here, it is that rule which governs the motion . . . rather than Rule 6(b).").  The October 3 Order specifically quoted Rule 16 and noted that, "[t]o demonstrate good cause, a party seeking an extension must show that the relevant deadline could not reasonably be met despite that party's diligence."  Order at 3-4.  Thus, the Court did not overlook, but rather expressly applied, the controlling law for purposes of Plaintiff's application.

Finally, even if Rule 6 did provide the applicable standard in this case, the substance of Plaintiff's excusable neglect argument is itself meritless.  The Second Circuit has indicated that the relevant factors in evaluating such an argument include "(1) the danger of prejudice to the non-moving party, (2) the length of delay and impact on judicial proceedings, (3) the reason for

the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith." *Williams v. KFC Nat. Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  Here, Plaintiff has failed to establish any justifiable basis for the delay.  He first repeats his previous argument that he was attempting to "avoid a spoliation claim."  Pl.'s Mem. in Supp. at 8; *see also* Letter Motion at 2 ("In order to avoid a claim by Defendant of evidence spoliation, the Plaintiff has refrained from conducting destructive testing on the Ladder without Defendant's consent or participation.").  The Court did not overlook this argument in its October 3 Order.  *See* Order at 6 (noting that a spoliation concern explains neither Plaintiff's delay in seeking an extension from the Court nor his failure to timely alert the Court to Defendant's apparent unwillingness to cooperate with the request for metallurgical testing).  Although Plaintiff indicates that the March 23, 2012 status conference was the first time Plaintiff "realized Defendant was expressly unwilling to consent and/or participate in such testing," Pl.'s Mem. in Supp. at 9, the Court implicitly considered and rejected this argument when it held that "two emails [from Plaintiff to Defendant] over a four-month time period . . . fail to demonstrate diligence" on Plaintiff's part.  Order at 6.

      Finally, Plaintiff offers the following explanation for his eleventh-hour request:

> The Plaintiff . . . avoided unilateral testing of the Ladder because he was under a good faith assumption that the Court would be amenable to granting additional time for metallurgical testing of the Ladder because of the cooperative course of dealings between the parties throughout discovery and the perceived flexibility that had been established through the Court's multiple endorsement [sic] of previous requests for extensions of time, which were never followed by an admonishment that a certain discovery cutoff date was "final."

Pl.'s Mem. in Supp. at 8-9 (citation omitted).  Plaintiff is essentially indicating that he was operating under the assumption that, since the Court had granted previous requests to extend the

discovery period, the parties were no longer under an obligation to comply with Court-imposed deadlines.  Viewed differently, Plaintiff's position implies that, once the Court waived the earlier deadlines, it was effectively estopped from enforcing future deadlines unless it put the parties on notice that a new date was "final."  But all deadlines are "final" unless and until the Court grants an extension.  Any assumption to the contrary was unreasonable, regardless of whether it was made in good faith.  In any event, Plaintiff's misguided assumption still fails to explain why he did not request the extension, or alert the Court to Defendant's noncooperation, in advance of the deadline.[2]  Plaintiff's attempt to deflect responsibility from himself and onto the Court is unavailing.

## III.    Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to terminate the motion (Doc. 19).

It is SO ORDERED.

Dated:   April 4, 2014
         New York, New York

Edgardo Ramos, U.S.D.J.

---

[2] The cases to which Defendant cites are distinguishable on that basis.  *See* Pl.'s Mem. in Supp. at 10.  In *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co., Ltd.*, 769 F. Supp. 2d 269, 281 (S.D.N.Y. 2011), there was "at least some merit" to the plaintiff's claim that circumstances outside its control had contributed to the delay; the plaintiff had merely failed to "plan ahead" and anticipate those circumstances.  In *Bahrami v. Ketabchi*, No. 05 CIV. 3829 (RMB) (KNF), 2010 WL 1948599 (S.D.N.Y. May 13, 2010), counsel misread the date on the court's order, leading to a late filing.  In *Martinez v. Barasch*, No. 01 CIV. 2289 (MBM), 2004 WL 1555191 (S.D.N.Y. July 12, 2004), the key facts underlying the defendants' jurisdictional challenge were belatedly disclosed, thus excusing the defendants' delay in raising them.  Here, Plaintiff was aware of the need for metallurgical testing and of the impending deadline but simply failed to act prior to the close of discovery.